Anthony J. Anscombe (Bar No. 135883)
aanscombe@steptoe.com
Cody A. DeCamp (Bar No. 311327)
cdecamp@steptoe.com
STEPTOE & JOHNSON LLP
1 Market Street, Spear Tower, Suite 3900
San Francisco, California 94105
Telephone: (415) 365-6700
Facsimile: (415) 365-6699

*Attorneys for Defendant*

[Additional Attorneys Listed on Signature Page]

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Howard Hoffman, | No. 2:19-cv-1935-JAM-DB |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| Jelly Belly Candy Company, Inc., | |
| Defendant. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Howard Hoffman and Defendant Jelly Belly Candy Company, Inc. ("Jelly Belly"), through their undersigned counsel, respectfully submit this Stipulated Protective Order to govern the handling of information and materials produced in the course of discovery or filed with the Court in advance of trial in this action.

### GOOD CAUSE STATEMENT PURSUANT TO L.R. 141.1(c)

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following

Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. It is the intent of the parties and the Court that information will not be designated as confidential for tactical reasons in this case, and that nothing will be so designated without a good faith belief that there is good cause as to why information should not be part of the public record.

**Statement Under L.R. 141.1(c)(1):** Examples of confidential information that the parties may seek to protect from unrestricted or unprotected disclosure include:

a) Information related to customers that were sent text messages by Jelly Belly, including, personal identifying information, contact information, and place of residence, or other information tending to reveal their identities;

b) Jelly Belly's trade secret information;

c) Information that is the subject of a non-disclosure or confidentiality agreement or obligation;

d) The names of a party's vendors, distributors, or customers (or other information tending to reveal their identities);

e) Agreements with third-parties;

f) Information related to budgets, sales, profits, costs, margins, product pricing, or other internal financial/accounting information, including non-public information related to financial condition or performance and income or other non-public tax information;

g) Information related to internal operations, including personnel information;

h) Information related to past, current, and future market analyses and business and marketing development, including plans, strategies, forecasts and competition.

**Statement Under L.R. 141.1(c)(2):** Generally speaking, information and documents shall only be designated under this protective order because the Designating Party believes the information or documents are proprietary, confidential, and/or trade secret information that the

2

Designating Party would not release publicly. Unrestricted or unprotected disclosure of such confidential, technical, commercial, or personal information would result in prejudice or harm to the Producing Party by revealing the Producing Party's competitive confidential information. Such information will have been developed at the expense of the Producing Party and represent valuable tangible and intangible assets of that party. Additionally, privacy interests must be safeguarded. Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective Order.

**Statement Under L.R. 141.1(c)(3):** The parties submit that protecting the confidential nature of information in this way will be most efficient for the parties and the Court. The liability issues in this case turn on text messages that were sent to Jelly Belly's customers. Although discovery has only just commenced, the discovery served so far seeks the personal identifying information of all individuals who were sent a text by Jelly Belly. The parties are likely to move and/or cross-move for summary judgment on the TCPA claims based on information the parties provide to each other during discovery in this case. Additionally, the parties may need to reveal information that they believe to be confidential, including information constituting or relating to the Defendant's asserted trade secrets or other confidential business information in further motion practice relating to the pleadings, and/or in motion practice concerning the sufficiency of the parties' respective discovery responses. Thus, a private agreement between the parties to safeguard this information would not be sufficient because it would need to be replicated in orders of this Court at the time of any such filings.

Accordingly, in order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the parties are entitled to keep confidential, ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED:

1. <u>**PURPOSES AND LIMITATIONS**</u>

Disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than those specifically set forth in this Order may be warranted. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**2.    DEFINITIONS**

2.1.    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2.    "CONFIDENTIAL" Information or Items: information that qualifies for protection under Federal Rule of Civil Procedure 26(c), including information that a Producing Party, including any Party to this action and any Non-Party producing information or material voluntarily or pursuant to a subpoena or a court order, considers in good faith to constitute or contain confidential technical, sales, marketing, financial, or other commercially sensitive information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the Producing Party.

2.3.    Counsel: Designated House Counsel, Designated Outside Counsel, and Outside Counsel of Record (as well as the support staff of said Outside Counsel of Record).

2.4.    Designated House Counsel: House Counsel for each Receiving Party with responsibility for managing this litigation, who may have access to "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information.

2.5    Designated Outside Counsel: attorneys who are not employees of a Party to this action and who are retained to represent or advise a Party to this action and have not appeared in this action on behalf of that Party or are affiliated with a law firm that has not appeared on behalf of that Party, and support staff of any such attorney or law firm, including, but not limited to, secretarial staff, clerical staff, legal assistants, paralegals, or similar staff.

2.6.    Designating Party: a Party or Non-Party that designates any Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as defined in this

4

Order.

      2.7.   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in this matter, including documents, data and information, answers to interrogatories, answers to deposition questions, responses to requests for admission, affidavits, expert reports, any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations or presentations by parties or counsel to or in court or in other settings.

      2.8.   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

      2.9.   <u>"HIGHLY CONFIDENTIAL" Information or Items</u>: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. HIGHLY CONFIDENTIAL means CONFIDENTIAL Information or Items that constitute(s) proprietary engineering, design, marketing, financial, sales, web traffic, research and development, or technical data/information or commercially sensitive competitive information, including, without limitation, trade secrets, business models or plans, sensitive agreements with third parties, internal financial statements, non-public agreements, and/or information or documents that relate to products of any Party under development, and that the Designating Party reasonably believes should not be disclosed to the public or to a Party because such disclosure could create a substantial risk of serious harm.  In determining whether information should be designated as HIGHLY CONFIDENTIAL, each Party agrees to use such designation in good faith.

      2.10.   <u>House Counsel</u>: attorneys who are employees of a Party to this action.  House Counsel does not include Outside Counsel of Record or Designated Outside Counsel.

2.11. <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12. <u>Outside Counsel of Record</u>: attorneys (including those admitted *pro hac vice*) who are not employees of a Party to this action and who are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, and support staff of any such attorney or law firm, including, but not limited to, secretarial staff, clerical staff, legal assistants, paralegals, or similar staff.

2.13. <u>Party</u>: any named party to this action, including all of its officers, directors, and employees.

2.14. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15. <u>Professional Vendors</u>: contracted document review attorneys, and other persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.17. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

6

a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any production and corresponding protection of computer software or source code shall be governed by a separate agreement or order, to be negotiated by the parties in the event such production becomes necessary.

## 4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1. <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If a Designating Party determines that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party shall promptly notify all other parties of the incorrect designation and, where appropriate, provide replacement copies of the information or items bearing the corrected designation.

5.2. <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this Order (*see, e.g.,* second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered by the Court, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (*e.g.,* paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page of the document that contains Protected Material, or in the case of native documents, the Producing Party shall in some other way clearly designate Disclosure or Discovery Material that qualifies for protection under this Order.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection pursuant to this Section until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") to each page that contains Protected Material, or in the case of native documents, the Producing Party shall in some other way clearly designate Disclosure or Discovery Material that qualifies for protection under this Order.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party specify on the record, before the close of the deposition, hearing, or other proceeding, that the transcript be treated in whole or in part as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."   Alternatively, a Designating Party may specify within 14 calendar days of the date the testimony was given that the transcript in whole or in part shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," and in all circumstances, all parties shall

8

treat such testimony as "HIGHLY CONFIDENTIAL" during the 14 days after the testimony is given, unless all parties confirm in writing that the testimony does not contain any Protected Material before the end of the 14 day period.

(c)      for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

(d)      for information not reduced to documentary, tangible or physical form, or which cannot be conveniently designated as set forth in paragraphs 5.2(a)-(c), that the Producing Party shall inform the Receiving Party of the designation in writing.

5.3.    Failures to Designate.  A failure to designate qualified information or items, whether by inadvertence or otherwise, does not waive, in whole or in part, the Designating Party's right to secure protection under this Order for such material. Upon subsequent correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with any revised designations under the provisions of this Order and promptly collect any copies of the material that have been provided to individuals other than those authorized under Paragraph 7 of this Order.  The Designating Party may also request any individuals who were provided with copies of such material to execute the "Acknowledgement and Agreement to be Bound" that is attached hereto as Exhibit A.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1.    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis

for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 7 business days of the date of service of written notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper.  The Designating Party shall have 7 business days after the date of the conference to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process by seeking judicial intervention according to paragraph 6.3 only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. If the volume of documents whose designation is being challenged under this process is large, the timelines set forth above may be reasonably adjusted by agreement of the parties.

      6.3    <u>Judicial Intervention.</u>  If the Parties cannot resolve a challenge through the meet and confer process set forth in the preceding paragraph, the Challenging Party may file and serve a motion challenging a confidentiality designation if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Each such motion shall be made pursuant to Rule 251 of the Local Rules of the above-captioned court.

      The burden of demonstrating the confidential nature of any Protected Material in any such challenge proceeding shall be on the Designating Party.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

      7.1.    <u>Basic Principles.</u>  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party only in connection with prosecuting, defending, or attempting to settle this litigation.  Protected Material may be disclosed to the categories of persons and under the conditions described in this Order.

All produced Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below ("FINAL DISPOSITION").

Nothing herein shall affect the right of the Designating Party to disclose to any person its own Protected Material. Such disclosure shall not waive the protections of this Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the Designating Party the information becomes public knowledge. Similarly, this Order shall not preclude a Party from showing its own Protected Material to any person when such Protected Material has been filed under seal by the opposing party.

7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Designated Outside Counsel to whom disclosure is reasonably necessary for this litigation;

(c) the officers, directors, and employees of the Receiving Party (including House Counsel and Designated House Counsel) to whom disclosure is reasonably necessary for this litigation;

(d) the Court and its personnel;

(e) court reporters and their staff, including stenographic, videographic, and clerical personnel;

(f) professional jury consultants, trial consultants, and mock jurors who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A), which does not need to be disclosed to the Designating Party unless the Court for good cause orders otherwise;

(g) Professional Vendors to whom disclosure is reasonably necessary for this

litigation;

(h)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A) and as to whom the procedures set forth in paragraph 7.4 below have been followed; and their regularly employed support personnel to whom it is reasonably necessary to disclose the information; and

(i)     during their depositions or in court proceedings, witnesses in the action, provided that (1) such documents or information were authored by, addressed to, or received by such witnesses, or (2) such documents or information were produced by or obtained from such witnesses.

7.3.    Disclosure of "HIGHLY CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Designated House Counsel (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(c)     Designated Outside Counsel to whom disclosure is reasonably necessary for this litigation and who has signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters and their staff, including stenographic, videographic, and  clerical personnel;

(f)     professional jury consultants, trial consultants, and mock jurors, who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A), which does not need to be disclosed to the Designating Party unless the Court for good cause orders otherwise;

12

(g)     Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(h)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and as to whom the procedures set forth in paragraph 7.4 below have been followed; and their regularly employed support personnel to whom it is reasonably necessary to disclose the information for this litigation;

(i)     during their depositions or in court proceedings, witnesses in the action, provided that (1) such documents or information were authored by, addressed to, received by or allegedly received by such witnesses, or (2) such documents or information were produced by or obtained from such witnesses; and

(j)     the author, recipient or alleged recipient of the information or of a document containing the information, or a custodian or other person who acquired or allegedly acquired the information, to whom disclosure is reasonably necessary for this litigation and who has signed the "Acknowledgment and Agreement to be Bound" (Exhibit A) and as to whom the procedures set forth in paragraph 7.4(a)(1) below have been followed;

7.4.    Procedures for Approving or Objecting to Disclosure of Protected Material to Experts and to officers, directors, and employees of a Receiving Party.

(a)     No disclosure of Protected Material to an Expert, Designated Outside Counsel, or officer, director, or employee of the Receiving Party shall occur until (i) that person has signed the form attached hereto as Exhibit A; (ii) a signed copy has been provided to the Producing Party; and (iii) to the extent there has been an objection under paragraph 7.4(c), that objection has been resolved as provided for below.

(b)     A Receiving Party desiring to disclose Protected Material to an Expert, Designated Outside Counsel, or other person authorized herein to review the information, or to an officer, director, or employee of the Receiving Party, shall give written notice by email to the Producing Party, who shall have five (5) business days after such notice is given to object in writing. At the time the written notice is given, the Receiving Party desiring to disclose Protected Material to a

13

proposed recipient must provide the following information, for each such proposed recipient: name, address, and current employer. The written notice relating to an Expert must also provide a curriculum vitae and employment history for the past five years, a listing of the cases in which the witness has testified as an expert at trial or by deposition within the preceding five years, and an identification of any patents or applications for patents in which the Expert is identified as an inventor or applicant, which the Expert is involved in the prosecution or maintenance thereof, or any patents or patent application in which the Expert has any pecuniary interest. No Protected Material shall be disclosed to such proposed recipient until after the expiration of the foregoing notice period, unless the notice period is waived in writing by the Producing Party.

(c)     A Party objecting to the disclosure of Protected Material shall state with particularity the ground(s) of the objection. The objecting Party's consent to the disclosure of Protected Material to the proposed recipient shall not be unreasonably withheld, and its objection must be based on that Party's good faith belief that disclosure of its Protected Material to the proposed recipient will result in specific business or economic harm to that Party notwithstanding the proposed recipient's signing of an "Acknowledgment and Agreement to be Bound" (Exhibit A).

(d)     If after consideration of the objection, the Receiving Party refuses to withdraw the proposed recipient, that Party shall provide notice to the objecting Party. Thereafter, the objecting Party may move the Court, within five (5) business days of receiving such notice, for a ruling on its objection. A failure to file a motion within the five (5) business day period shall operate as an approval of disclosure of the Protected Material to the proposed recipient. If the objecting Party so moves the Court, the Receiving Party shall not disclose any Protected Material to the proposed recipient until the Court resolves the dispute or the parties otherwise resolve the dispute. The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

The objecting Party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Protected Material to the proposed recipient.

**8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

**OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission in writing.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.  If the Designating Party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is received, the Party to whom the referenced subpoena is directed may produce such documents in response thereto, provided that the Party produces such documents subject to forms of protection at least as restrictive as those provided under this Protective Order.

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the

remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    A Non-Party's use of this Order to protect its Protected Information does not entitle that Non-Party access to the Protected Information produced by any Party in this case.

(c)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party.

(d)    If the Non-Party fails to object or seek a protective order from this court within 10 business days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection of its Protected Material in this court.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must: (a) within three (3) business days of learning of the disclosure, notify in writing the Designating Party of the unauthorized disclosures; (b) immediately use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) within one (1) business day of learning of the disclosure (i) inform the person or persons, to whom unauthorized disclosures

16

were made of all the terms of this Order, (ii) provide such person or persons a copy of this Order, and (iii) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A; and (d) within three (3) business days of receiving it, provide an executed copy of the "Acknowledgment and Agreement to be Bound" to the Designating Party.

**11.**     <u>**PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**</u>

11.1. Production of documents or things containing Protected Information which are not designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time of production shall not be deemed a waiver in whole or in part of a claim for privileged or confidential treatment. When a Producing Party gives notice in good faith to the Receiving Party that certain produced material is subject to a claim of privilege or other protection, the Receiving Party must promptly return or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the Party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The Producing Party must preserve the information until the claim is resolved.

11.2. The Receiving Party may keep one copy of the inadvertently produced document for the sole purpose of challenging the propriety of the asserted privilege within fifteen (15) business days of receiving notice of the inadvertent production provided, however, that any motion or other application for such order shall not rely upon in any manner or assert as a ground the fact or circumstances of the unintentional or inadvertent production, nor shall it disclose the substance of the inadvertently produced material except to the extent that an *in camera* inspection of the materials is requested by the Court. If the challenge is overruled or denied, the document shall be returned or destroyed immediately.

This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. The inadvertent production of documents or materials subject to the attorney-client privilege, work-product immunity or any other applicable privilege or immunity shall not constitute a waiver of the

privilege or immunity.

**12.**  **MISCELLANEOUS**

12.1.  Right to Further Relief.  Nothing in this Order abridges the right of any Party or person to seek its modification by written agreement of the parties or by the Court.

12.2.  Right to Assert Other Objections.  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3.  Export Control.  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

12.4.  Filing Protected Material.

Any party or person filing with the Court documents that qualify as Protected Material under this Protective Order, including all transcripts, pleadings, briefs, and discovery responses shall file those documents in a manner that is consistent with the Federal Rules of Civil Procedure, Local Rule 141 of the United States District Court for the Eastern District of California, the Federal Rules of Appellate Procedure, and/or the Ninth Circuit Local Rules, as applicable.

12.5.  Examination of Non-Party.  Non-Parties may be examined or testify concerning any document containing Protected Information of a Producing Party which appears on its face or from other documents or testimony to have been received from or communicated to the Non-Party as a result of any contact or relationship with the Producing Party or a representative of the Producing Party.  Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by

18

an attorney who is not qualified under this Order to receive such information, then prior to the examination, the Producing Party shall request that the attorney provide a signed statement, in the form of Exhibit A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination.  In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

12.6.    <u>Right To Advise.</u>  Nothing herein shall preclude Outside Counsel of Record from using Protected Material to consult with, advise or counsel the Party it represents, provided, however, that nothing in this section 12.6 shall be construed to permit disclosure of Protected Material otherwise prohibited by this Order.

12.7.    <u>Privilege Log.</u>  No Party shall be required to identify on their respective privilege log any document or communication dated on or after September 24, 2019, which absent this provision, the Party would have been obligated to so identify on said privilege log, except for good cause shown.

12.8.    This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.  Furthermore, without application to this Court, any Party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other Party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

12.9.    The United States District Court for the Eastern District of California is responsible for the interpretation and enforcement of this Order.  After termination of this litigation, the provisions of this Order shall continue to be binding except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provisions of this Order following termination of this litigation.  All disputes concerning Protected Information produced under the protection of this Order shall be resolved

by the United States District Court for the Eastern District of California.

13.     **FINAL DISPOSITION**

Within sixty (60) days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, and must provide written confirmation to all other Parties that the Receiving Party of the same.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Notwithstanding this provision, no party shall be required to return or destroy any Protected Material that may exist on any disaster recovery backup system. Any such archival and/or backup copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

Outside Counsel of Record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved.  No material or copies thereof so filed shall be released except by order of the Court, to Outside Counsel of Record, or as otherwise provided for hereunder.

**IT IS SO STIPULATED:**

STIPULATED AND AGREED TO BY:

Dated: March 12, 2020

STEPTOE & JOHNSON LLP

By: */s/ Anthony J. Anscombe*
    Anthony J. Anscombe
    aanscombe@steptoe.com
    Cody A. DeCamp
    cdecamp@steptoe.com
    1 Market Street, Spear Tower, Suite 3900
    San Francisco, California 94105
    Telephone: (415) 365-6700
    Facsimile: (415) 365-6699

    *Attorneys for Defendant*


TYCKO & ZAVAREEI LLP

By: */s/ Annick M. Persinger*
    Annick M. Persinger
    apersinger@tzlegal.com
    1970 Broadway, Suite 1070
    Oakland, CA 94612
    Telephone: (510) 254-6808
    Facsimile: (202) 973-0950

    Hassan A. Zavareei
    hzavareei@tzlegal.com
    Andrea Gold (*Pro Hac Vice* Pending)
    agold@tzlegal.com
    1828 L Street NW, Suite 1000
    Washington, D.C. 20036
    Telephone: (202) 973-0900
    Facsimile: (202) 973-0950

SHAMIS & GENTILE, P.A.

By: */s/ Andrew J. Shamis*
    Andrew J. Shamis (*Pro Hac Vice* Pending)
    ashamis@shamisgentile.com

15 NE 1st Avenue, Suite 1205
Miami, FL 33132
Telephone: (305) 479-2299

EDELSBERG LAW, PA

By: */s/ Scott Edelsberg*
Scott Edelsberg (*Pro Hac Vice* Pending)
scott@edelsberglaw.com
1949 Biscayne Blvd #607
Aventura, FL 33180
Telephone: (305) 975-3320

*Attorneys for Plaintiff*

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1.  Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2.  The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal.  Parties are advised that any request to seal documents in this district is governed by Local Rule 141.  In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a).  However, a mere request to seal is not enough under the local rules.  In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information."  L.R. 141(b).

3.  A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4.  Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5.  With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251.  Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

////

////

6.  The parties may not modify the terms of this Protective Order without the court's approval.  If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7.  Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8.  Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: March 12, 2020                 /s/ DEBORAH BARNES
                                      UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Howard Hoffman,

         Plaintiff,

     v.

Jelly Belly Candy Company, Inc.,

         Defendant.

Case No. 2:19-cv-1935-JAM-DB

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ state that:

1.      My home address is _____.

2.      My present employer is _____ and my present work address is _____.

3.      My present title, occupation or job description is _____ _____.

4.      I have read and understand the provisions of the Stipulated Protective Order entered in this action and will comply with the provisions of the Stipulated Protective Order. I consent to be subject to the jurisdiction of this Court for enforcement of this Stipulated Protective Order.

5.      I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" information, or any summaries, abstracts or indices of any "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" information, that is disclosed to me or that I prepare.

6. Upon conclusion of the above-captioned litigation, including any appeal(s), I will destroy or return to outside counsel for the party for whom I was employed, retained, or acted as a witness, all "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" information – and any summaries, abstracts and indices thereof, and documents or materials that I received or prepared relating thereto – in my possession.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____          _____