**STEPTOE & JOHNSON LLP**
ANTHONY ANSCOMBE (State Bar No. 135883)
aanscombe@steptoe.com
CODY DECAMP (State Bar No. 311327)
cdecamp@steptoe.com
One Market Plaza, Spear Tower, Suite 3900
San Francisco, CA 94105
Telephone: 415.365.6700
Facsimile: 415.365.6699

Attorneys for Defendant
JELLY BELLY CANDY COMPANY

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

HOWARD HOFFMAN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

JELLY BELLY CANDY COMPANY, INC.,

Defendants.

Case No.: 2:19-cv-01935-JAM-DB

[Assigned to Hon. John A. Mendez]

**DEFENDANT JELLY BELLY CANDY COMPANY'S MOTION TO STAY PROCEEDINGS**

## Table of Contents

I. INTRODUCTION ........ 1

II. STATEMENT OF FACTS ........ 2

A. The Instant Litigation ........ 2

B. The Supreme Court Grants Cert in *Barr v. Am. Ass'n of Political Consultants* ........ 3

C. An Additional Petition for Certification is Pending From a Ninth Circuit Decision ........ 4

III. ARGUMENT ........ 5

A. Legal Standard ........ 5

B. The Relevant Factors Warrant a Stay in This Case ........ 6

1. Plaintiff and the Putative Class will Suffer No Harm from the Stay ........ 6

2. JBCC will Face Hardship and Inequity Absent a Stay 7

3. The Orderly Administration of Justice Will be Served by a Stay ........ 8

IV. CONCLUSION ........ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alvarez v. T-Mobile USA, Inc.*,
No. Civ. 2:10-2373, 2010 WL 5092971 (E.D. Cal. Dec. 7, 2010)....................9

*Am. Ass'n of Political Consultants, Inc. v. FCC*,
923 F.3d 159 (4th Cir. 2019) ....................3, 9

*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011)....................9

*Barr v. Am. Ass'n of Political Consultants, Inc.*,
140 S. Ct. 812 (2020)....................*passim*

*CMAX, Inc. v. Hall*,
300 F.2d 265 (9th Cir. 1962) ....................6

*Cook v. Rent-A-Ctr., Inc.*,
No. 2:17 Civ. 00048, 2017 WL 4270203 (E.D. Cal. Sept. 26, 2017) ....................8

*Duguid v. Facebook, Inc.*,
926 F.3d 1146 (9th Cir. 2019) ....................*passim*

*Duran v. La Boom Disco, Inc.*,
--- F. 3d ----, 2020 WL 1682773 (2d Cir. Apr. 7, 2020) ....................4

*Epic Sys. Corp. v. Lewis*,
138 S. Ct. 1612, 1619 (2018)....................8

*Facebook, Inc. v. Duguid*,
Appeal No. 19-511....................1, 5

*Finder v. Leprino Foods Co.*,
No. 1:13 Civ. 02059, 2017 WL 1355104 (E.D. Cal. Jan. 20, 2017)....................8

*Fortis v. Warrior Trading, Inc.*,
No. 2:19 Civ. 00627, 2019 WL 5721835 (E.D. Cal. Nov. 5, 2019)....................8

*Glasser v. Hilton Grand Vacations Co., LLC*,
948 F.3d 1301 (11th Cir. 2020) ....................9

*Gong-Chun v. AETNA, Inc.*,
No. 1:09 Civ. 01995, 2010 WL 1980175 (E.D. Cal. May 17, 2010) ...............6, 8

*In re Taco Bell Wage & Hour Actions*,
No. 1:07 Civ. 01314, 2011 WL 3846727 (E.D. Cal. Aug. 30, 2011)...................7

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)...........................................................................................5

*Lockyer v. Mirant Corp.*,
398 F.3d 1098 (9th Cir. 2005) ..........................................................................5

*Marks v. Crunch San Diego, LLC*,
904 F.3d 1041 (9th Cir. 2018) .......................................................................1, 4

*Munoz v. PHH Corp.*,
No. 1:08 Civ. 0759, 2011 WL 4048708 (E.D. Cal. Sept. 9, 2011) ..................7, 8

*N. River Ins. Co. v. Leffingwell Ag Sales Co.*,
No. CV-F-10-2007, 2011 WL 304579 (E.D. Cal. Jan. 27, 2011) ........................6

*Perrong v. Liberty Power Corp., L.L.C.*,
No. 1:18 Civ. 00712 (D. Del. March 6, 2020)..................................................11

*Ryan v. Gonzales*,
568 U.S. 57 (2013).............................................................................................5

*Seefeldt v. Entm't Consulting Int'l, LLC*,
No. 4:19 Civ. 00188, --- F. Supp. 3d ----, 2020 WL 905844 (E.D. Mo. Feb. 25, 2020)..........................................................................................10

*Sims v. AT & T Mobility Servs. LLC*,
No. 2:12 Civ. 02702, 2013 WL 753496 (E.D. Cal. Feb. 27, 2013) .....................9

*Spokeo, Inc. v. Robins*,
136 S. Ct. 1540 (2016).......................................................................................9

*Standard Fire Ins. Co. v. Knowles*,
568 U.S. 588 (2013)...........................................................................................9

*Stone v. Sterling Infosystems, Inc.*,
No. 2:15 Civ. 00711, 2015 WL 4602968 (E.D. Cal. July 29, 2015)....................9

*United States v. California*,
No. 2:18 Civ. 00490, 2018 WL 5310675 (E.D. Cal. Oct. 19, 2018)................6, 7

*Wright v. Exp Realty, LLC*,
No. 6:18 Civ. 1851, 2020 WL 1149906 (M.D. Fla. Feb. 7, 2020) ..................... 10

**Statutes**

42 U.S.C. §227 ........................................................................................ *passim*

Defendant Jelly Belly Candy Company ("JBCC") hereby moves the Court for an order staying these proceedings pending the ruling of the United State Supreme Court in *Barr v. Am. Ass'n of Political Consultants, Inc.*, 140 S. Ct. 812 (2020) ("*AAPC*"). The decision in *Barr* could moot this case, such that further litigation threatens to waste the Court's and JBCC's resources.

## I. INTRODUCTION

This case arises out of alleged violations of the Telephone Consumer Protection Act ("TCPA"). Plaintiff Howard Hoffman ("Plaintiff") is a citizen of Florida who alleges, on behalf of himself and a putative nationwide class, that JBCC unlawfully sent him text messages in violation of the TCPA's automatic-call restrictions, codified at 47 U.S.C. § 227(b)(1)(A).

The TCPA does not expressly regulate the sending of text messages, and imposes statutory penalties that threaten alleged violators with crushing liabilities. Nevertheless, the Ninth Circuit has broadly interpreted the statute. For example, its recent rulings in *Duguid v. Facebook, Inc.*, 926 F.3d 1146 (9th Cir. 2019) and *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018) have broadly interpreted the phrase "automatic telephone dialing system" ("ATDS"), and have created a split with other Circuits on this important predicate for TCPA liability. It has also held that, even though the TCPA's ATDS provisions impose improper and unconstitutional content-based restrictions on speech, it has refused to strike down this portion of the statute.[1] The United States Supreme Court recently granted *Certiorari* in *Barr v. Am. Ass'n of Political Consultants*, Supreme Court Dkt. No. 19-631 ("*AAPC*"), which will address the latter issue.[2]

---

[1] Facebook has filed a petition for certification with the Supreme Court on the validity of the Ninth Circuit's construction of the TCPA's definition of an autodialer. *See* Petition for Writ of Certiorari at i, ii, *Facebook, Inc. v. Duguid*, Appeal No. 19-511. The cert petition is fully briefed and pending with the Supreme Court. *See* https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/19-511.html.

[2] The full docket of the *AAPC* case can be found at: https://www.supremecourt.gov/docket/docketfiles/html/public/19-631.html

As set forth in further detail below, the questions certified by the Supreme Court in *AAPC* addresses the validity of the statutory authority for Plaintiff's Complaint. In particular, in the event that the Supreme Court determines that the automatic-call exemption for attempts to collect debts owed to or guaranteed by the United States is an unconstitutional restriction on speech, the Supreme Court will determine if the proper remedy is to sever the offending provision from the TCPA, or to invalidate the entire automated call restriction, 42 U.S.C. §227(b)(1), under which Plaintiff pursues this action.

The Court should stay proceedings in this case until the Supreme Court determines this issue. Plaintiff will sustain no prejudice, and a stay will conserve resources of the Court and JBCC.

## II. STATEMENT OF FACTS

### A. The Instant Litigation

Plaintiff filed the instant Complaint against JBCC on September 24, 2019. *See* Dkt. 1. The Complaint alleges that Plaintiff received two telemarketing text messages from JBCC, one on June 8, 2019 and the other on June 18, 2019. *See id.* ¶¶ 26–29. Plaintiff claims that these text messages constitute violations of the TCPA's automatic-dialing restrictions codified at 47 U.S.C. § 227(b)(1)(A). *See id.* ¶¶ 62–74. The Complaint alleges that JBCC sent these text messages to consumers by and through the use of an "automatic telephone dialing system," without receiving Plaintiff's express written consent to do so. *See id.* ¶¶ 31, 33–44.

JBCC answered the Complaint on October 30, 2019. Since that time, JBCC has responded to extensive written discovery, including 51 requests for production and 13 interrogatories. Plaintiff has issued third-party subpoenas outstanding to the provider of JBCC's messaging platform. JBCC has served interrogatories, requests for production, and requests for admission on Plaintiff. Absent a stay, Plaintiff will likely wish to move forward with deposition discovery and briefing on class certification. JBCC engaged in a pre-motion meet and confer with Plaintiff to see

whether it could seek this stay through an assented motion. Plaintiff declined. Discovery is set to close in this matter on January 8, 2021. Dkt. 11.

### B. <u>The Supreme Court Grants Cert in *Barr v. Am. Ass'n of Political Consultants*</u>

On January 10, 2020, the United States Supreme Court granted certiorari to the Fourth Circuit's decision in *Am. Ass'n of Political Consultants, Inc. v. FCC*, 923 F.3d 159 (4th Cir. 2019).

The *AAPC* case arose from a challenge by an association of political consultants and various political organizations to the TCPA's liability exemption for calls made to collect government-backed debts, codified in 47 U.S.C. § 227(b)(1)(A)(iii). 923 F.3d at 161. On appeal, the Fourth Circuit determined that the government debt exception reflected an unconstitutional content-based restriction on speech, but elected to sever the exception from the TCPA rather than declare the entirety of the call-ban unconstitutional. *Id*. at 170–172.

The FCC's Petition for a Writ of Certiorari asked the Supreme Court to consider (1) the Fourth Circuit's decision to declare the government debt exception unconstitutional, *and* (2) whether the proper remedy for such a declaration is severing the offending provision from the statute or invalidating the automated-call restrictions of the TCPA in their entirety. Petition for Writ of Certiorari at I, *Barr v. Am. Ass'n of Political Consultants, Inc.*, Appeal No. 19-631. The FCC took this approach to "ensure that respondents retain a concrete stake in the outcome of the proceedings," since respondents can only achieve their desired relief, to send automated messages unrelated to government debts, if the Supreme Court upholds the Fourth Circuit's ruling and declares the automated-call restrictions invalid in their entirety. *Id*. at 14–15. Respondents agreed that certiorari should be granted on both issues. Brief of Respondents in Support of Certiorari at 1, *Barr v. Am. Ass'n of Political Consultants*, Appeal No. 19-631. In granting review, the Supreme Court certified the following questions for resolution:

"Whether the government-debt exception to the TCPA's automated call restriction violates the First Amendment, and whether the proper remedy for any constitutional violation is to sever the exception from the remainder of the statute."[3]

### C. An Additional Petition for Certification is Pending From a Ninth Circuit Decision

In addition to the constitutional issue raised in *AAPC*, the Supreme Court is also deliberating whether to accept review of *Duguid v. Facebook, Inc.*, 926 F.3d 1146 (9th Cir. 2019). Like the Fourth Circuit in *AAPC*, the Ninth Circuit determined that the government-debt exception violated the First Amendment as a content-based restriction on speech. *Id*. at 1156. Like the Fourth Circuit, it severed the government debt exception from the rest of the statute. The Ninth Circuit, however, also addressed an additional issue: the proper definition of an "automatic telephone dialing system" under 47 U.S.C. § 227(a)(1). *Id.* at 1151–52. The Ninth Circuit, as it had previously concluded in *Marks (supra)*, held that to qualify as an ATDS, a messaging or calling platform need only have (1) the capability to store numbers to be called and/or texted, ***or*** (2) produce numbers to be called or texted using a random or sequential number generator. *Id*. at 1151. This definition would render every cell phone an ATDS. The Ninth Circuit's rulings in the area conflict with those of the Third, Seventh, and Eleventh Circuits, which have respectively held that a messaging platform's ability to "store" ***and*** "produce" numbers to be called must both be done by a random or sequential number generator. The circuit split has deepened in recent days, as the Second Circuit weighed in on the issue on the side of the Ninth Circuit, holding that a messaging platform satisfies the "store" prong of the ATDS analysis if it has the capacity to store numbers, notwithstanding its ability to do so using a random or sequential number generator. *Duran v. La Boom Disco, Inc.*, --- F. 3d ----, 2020 WL 1682773, at *6 (2d Cir. Apr. 7, 2020). This Circuit split

[3] https://www.supremecourt.gov/docket/docketfiles/html/qp/19-00631qp.pdf

is highly relevant to this action, as JBCC contends that it did not use an ATDS to send texts to Plaintiff.

Facebook filed a Petition for Writ of Certiorari to the Supreme Court on October 17, 2019. *See* Petition for Writ of Certiorari, *Facebook, Inc. v. Duguid*, Appeal No. 19-511. Facebook's petition asks the Supreme Court to certify the questions of (1) whether the TCPA's prohibition on calls made with an ATDS constitute an unconstitutional restriction on speech, and (2) whether the Ninth Circuits holding that an ATDS need only have the capacity to store numbers is a valid construction of the TCPA. *Id.* at pp. i, ii. Facebook's petition was fully briefed as of January 10, 2020. *See* Supplemental Reply Brief for Petitioner, *Facebook v. Duguid*, Appeal No. 19-511. Respondents in *AAPC* requested that the Supreme Court also grant certiorari in the *Duguid* case, which "raises a related statutory question about the breadth of the TCPA's automated-caller provision - specifically, the proper interpretation of the statutory definition of ATDS." Brief of Respondents in Support of Certiorari at 25, *Barr v. Am. Ass'n of Political Consultants*, Appeal No. 19-631.

## III. ARGUMENT

### A. Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "[T]he decision to grant a stay [. . .] is generally left to the sound discretion of district courts." *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (internal quotation marks omitted).

Stays are appropriate after weighing competing interests, including: (1) the damage which may result from granting the stay, (2) the hardship or inequity that

may be experienced in being required to go forward with the case in the event it is not stayed, and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). This Court should join the growing number of Courts that have stayed TCPA cases pending resolution of the issues currently before the Supreme Court.

### B. The Relevant Factors Warrant a Stay in This Case

#### 1. Plaintiff and the Putative Class will Suffer No Harm from the Stay

Plaintiff faces no prejudice in the event that the Court grants a stay pending the outcome of the Supreme Court's review of the *AAPC* case.

*First*, the stay sought is not indefinite and is likely to be of relatively short duration, probably on the order of a few months.[4] *See United States v. California*, No. 2:18 Civ. 00490, 2018 WL 5310675, at *2 (E.D. Cal. Oct. 19, 2018) (granting stay pending Plaintiff's appeal of grant of preliminary injunction given that the appeals process was anticipated to be of short duration). Courts in this District have held that delays of six months are reasonable, and considered stays of "a fairly short duration." *N. River Ins. Co. v. Leffingwell Ag Sales Co.*, No. CV-F-10-2007, 2011 WL 304579, at *7 (E.D. Cal. Jan. 27, 2011). In other situations, courts in the Eastern District have stayed cases pending appeal to the California Supreme Court even where the California Supreme Court had not yet scheduled oral argument, but where the oral argument was expected to be heard "in the next several months." *Gong-Chun v. AETNA, Inc.*, No. 1:09 Civ. 01995, 2010 WL 1980175, at *3 (E.D. Cal. May 17, 2010).

Here, the Supreme Court has already granted review of the *AAPC* case and

[4] JBCC reserves it right to seek a further stay in the event that the Supreme Court affirms the 4th Circuit's decision in *AAPC*, but grants review of *Duguid*.

briefing closed on March 25, 2020. The Court has announced that it will hold telephonic argument on in May 2020.[5] A decision will likely issue this term. The proposed stay will thus be of short duration and non-prejudicial to Plaintiff or the putative class's interests.

*Second*, a stay is appropriate because the Supreme Court's decision in *AAPC* could potentially dispose of this case in its entirety. Where a definitive pronouncement by the Supreme Court is expected, "the benefits of proceeding with a certain legal standard will more than make up for the costs of delay and avoid the potential to have to revisit class certification." *In re Taco Bell Wage & Hour Actions,* No. 1:07 Civ. 01314, 2011 WL 3846727, at *3 (E.D. Cal. Aug. 30, 2011); *see also Munoz v. PHH Corp.*, No. 1:08 Civ. 0759, 2011 WL 4048708, at *4 (E.D. Cal. Sept. 9, 2011) ("a stay will reduce the additional expenditure of the parties' time and resources, which is of particular importance if the Supreme Court's decision ultimately disposes of this action.").

Since no harm will be done to Plaintiff in the event the Court grants a stay pending the Supreme Court's review of the *AAPC* case, this factor weighs in favor of granting a stay.

**2. JBCC will Face Hardship and Inequity Absent a Stay**

JBCC will suffer harm in the event that a stay is not granted, as it will face substantial expense in these proceedings. Without a stay, JBCC will face deposition discovery, third party discovery, and likely briefing of class certification, all of which could be mooted by the outcome of *AAPC*. When a reviewing court has a case before it that will "clarify the legal landscape," denial of a stay constitutes a hardship on the party seeking the stay. *United States v. California*, 2018 WL 5310675, at *1-2 (finding that party seeking stay would be prejudiced if forced to litigate issues that the Ninth Circuit's decision on appeal could render moot). JBCC

[5] https://www.supremecourt.gov/publicinfo/press/pressreleases/pr_04-13-20

will suffer hardship in the form of responding to "inefficient or pointless discovery." *See Gong-Chun*, 2010 WL 1980175, at *4 (granting motion to stay and finding that Defendant would be harmed if required to litigate pending the California Supreme Court's review of statutes at issue in the litigation); *see also Munoz*, 2011 WL 4048708, at *4 (Stay pending Supreme Court review of case that would impact claims asserted, and finding that Defendant would be harmed in "conducting what could be pointless discovery and motion practice.")

JBCC could face additional burdens, unique to class actions, including the "time to be expended on resolving questions of certification, further dispositive motions practice, giving putative class members notice of claims, and settlement discussions, all over claims that may be mooted by resolution of the appeal." *Finder v. Leprino Foods Co.*, No. 1:13 Civ. 02059, 2017 WL 1355104, at *4 (E.D. Cal. Jan. 20, 2017).

**3. The Orderly Administration of Justice Will be Served by a Stay**

The Orderly Administration of Justice will be served by a stay because the Supreme Court's decision in *AAPC* has the potential to dispose of this case in its entirety.

Where, as here, the question being reviewed "may have a substantial impact on the pending matter," a stay is appropriate. *Fortis v. Warrior Trading, Inc.*, No. 2:19 Civ. 00627, 2019 WL 5721835, at *2 (E.D. Cal. Nov. 5, 2019) (internal quotation marks omitted). Courts in the Eastern District have held that "[s]taying a case is appropriate where an imminent decision of the Supreme Court will control and resolve issues presented in the action pending before this Court." *Cook v. Rent-A-Ctr., Inc.*, No. 2:17 Civ. 00048, 2017 WL 4270203, at *3 (E.D. Cal. Sept. 26, 2017) (staying case pending Supreme Court's decision in *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1619 (2018)). Indeed, staying cases pending Supreme Court review of relevant issues involved in the case at hand is one of the most common

justifications for issuing a stay in this District. *See Stone v. Sterling Infosystems, Inc.*, No. 2:15 Civ. 00711, 2015 WL 4602968, at *2 (E.D. Cal. July 29, 2015) (staying case pending the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), as the Supreme Court's decision would "provide direct authority on whether Plaintiff has standing to bring this case."); *Sims v. AT & T Mobility Servs. LLC*, No. 2:12 Civ. 02702, 2013 WL 753496, at *8 (E.D. Cal. Feb. 27, 2013) (staying case pending the Supreme Court's decision in *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013)); *Alvarez v. T-Mobile USA, Inc.*, No. CIV. 2:10-2373, 2010 WL 5092971, at *2 (E.D. Cal. Dec. 7, 2010) (staying case pending Supreme Court decision in *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011)).

The Supreme Court's ruling in *AAPC* could have a "substantial impact" by disposing of this case in its entirety. The validity of the automated calling restrictions of 47 U.S.C. § 227(b) will be front and center in the *AAPC* decision. To date, there has been no Circuit split on whether the government debt exception violates the First Amendment of the Constitution. All Circuits have found it unconstitutional. *See Glasser v. Hilton Grand Vacations Co.*, LLC, 948 F.3d 1301, 1310 (11th Cir. 2020) ("And how could it be consistent with the First Amendment to make exceptions for calls with a specific content, such as the exception for calls about government debts?"); *Duguid*, 926 F. 3d at 1156 ("We hold that the debt-collection exception is content-based and insufficiently tailored to advance the government's interests in protecting privacy or the public fisc."); *Am. Ass'n of Political Consultants, Inc. v. FCC*, 923 F.3d 159, 167 (4th Cir. 2019), cert. granted sub nom. *Barr v. Am. Ass'n of Political Consultants, Inc.*, 140 S. Ct. 812 (2020) ("the debt-collection exemption fails strict scrutiny review.").

Should the Supreme Court determine that the government debt exception is an unconstitutional content-based restriction on speech, the Supreme Court will address the proper remedy for dealing with the unconstitutional provisions within the automated call provisions of the TCPA, and, indeed, has certified that very

question for review.[6]

Other courts have stayed ongoing TCPA cases in light of the pendency of *AAPC* before the Supreme Court. The cases that have been stayed have not been stayed because courts are concerned with what will happen with the government debt exception, but rather because of the potential that the Supreme Court will declare all of 47 U.S.C. § 227(b)(1)(A) unconstitutional, or take up the questions raised by the Petition for Writ of Certiorari in *Duguid* on the proper analysis of what constitutes an autodialer under the TCPA. *See Seefeldt v. Entm't Consulting Int'l, LLC*, No. 4:19 Civ. 00188, --- F. Supp. 3d ----, 2020 WL 905844, at *2–3 (E.D. Mo. Feb. 25, 2020). The court in *Seefeldt* articulated:

> At this stage, the Supreme Court has not revealed it[s] hand whether it will also take up review of the definitional problem. *See Facebook, Inc. v. Duguid*, Appeal No. 19-511 (case involving issue of the proper definition of an autodialer that was distributed for conference on January 24, 2020, but is without decision whether to grant certiorari). But, without a doubt, it creates that much more uncertainty about the TCPA at large and, specifically, the viability of plaintiff's claims. Of course, what the Supreme Court has accepted review of—particularly, whether the government-debt exception is severable from the TCPA if deemed unconstitutional—risks a potential total collapse of the TCPA without regard to the definitional problem. It seems likely that decision, at minimum, will come this term (oral argument has been set for April 22, 2020), which may or may not be a reason why the decision on certiorari in *Duguid* remains pending.
>
> Whatever the case, having studied the matter carefully, it seems the best approach is to wait for much-needed clarity from the Supreme Court—at least as to the government-debt exception problem, but also potentially the definitional problem.

*Id.* Other courts around the country have also ordered stays. *See Wright v. Exp Realty, LLC*, No. 6:18 Civ. 1851, 2020 WL 1149906, at *1 (M.D. Fla. Feb. 7, 2020) ("The Court believes that any proceedings before the Supreme Court issues

---

[6] https://www.supremecourt.gov/docket/docketfiles/html/qp/19-00631qp.pdf

guidance in the upcoming *Barr v. Am. Ass'n* will be—among other things—a waste of judicial resources and a waste of the parties' time and energy."); *Perrong v. Liberty Power Corp., L.L.C.*, 1:18-cv-00712 (D. Del. March 6, 2020), ECF No. 66 (minute order)) (same).

This Court should do likewise.

## IV. CONCLUSION

JBCC respectfully requests that the Court stay this action pending the Supreme Court's decision in *Barr v. Am. Ass'n of Political Consultants*, No. 19-631.

Dated: April 16, 2020.

STEPTOE & JOHNSON LLP

By: /s/ Anthony Anscombe
Anthony Anscombe
Attorney for Defendant
JELLY BELLY CANDY COMPANY