UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD HOFFMAN, as an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>JELLY BELLY CANDY COMPANY, INC.,<br><br>        Defendant. | No. 2:19-cv-01935-JAM-DB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY ACTION** |

This matter is before the Court on Jelly Belly Candy Company, Inc.'s ("Defendant") Motion to Stay. Defendant contends that a stay is appropriate in this case pending resolution by the United States Supreme Court of <u>Barr v. American Association of Political Consultants</u>, Appeal No. 19-631 and, possibly, <u>Facebook, Inc. v. Duguid</u>, Appeal No. 19-511. <u>See</u> Mot. at 3–5, ECF No. 15. Howard Hoffman ("Plaintiff") filed an opposition to Defendant's motion, Opp'n, ECF No. 16, to which Defendant replied, Reply, ECF No. 18. After consideration of the parties' briefing on the motion and relevant legal authority, the Court GRANTS Defendant's Motion to Stay.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 2, 2020.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The case at hand involves a putative class action against Defendant, alleging it violated the Telephone Consumer Protection Act ("TCPA"), 47 § 227, in transmitting unsolicited text messages using an Automatic Telephone Dialing System ("ATDS"). See Compl., ECF No. 1. Specifically, Plaintiff contends that, on June 8, 2019, and June 18, 2019, Defendant sent telemarketing text messages to his cellular phone. Compl. ¶ 26. Each of Defendant's messages contained information meant to promote the purchase of its goods. Compl. ¶¶ 26, 29. Plaintiff never provided his express, written consent to receive Defendant's promotional text messages. Compl. ¶ 31.

Since the filing of Plaintiff's complaint, the Supreme Court has granted *certiorari* in Barr v. Am. Ass'n of Political Consultants ("AAPC"). See Jan. 10, 2020 Dkt. Entry, Supreme Court Dkt. No. 19-631. In AAPC, the Supreme Court is being asked to determine whether the government-debt exception to the TCPA's automated-call restriction is unconstitutional. See Questions Presented, Supreme Court Dkt. No. 19-631. And if so, whether the proper remedy is to sever the exception from the remainder of the statute. Id.

In addition, pending before the Supreme Court is a petition for *certiorari* in Facebook, Inc. v. Duguid ("Duguid"). See Oct. 17, 2019 Dkt. Entry, Supreme Court Dkt. No. 19-631. In this case, the petitioner is asking the Supreme Court to resolve the following issues: (1) whether the TCPA's prohibition on calls made using an ATDS is unconstitutional and, if so, whether the

proper remedy is to broaden the prohibition; and (2) whether the definition of ATDS in the TCPA encompasses any device that can "store" and "automatically dial" telephone numbers, even if the device does not "us[e] a random or sequential number generator." Id. To date, the Supreme Court has not decided whether it will grant *certiorari*.

As a result of these pending cases and the issues raised in them, Defendant now moves to stay these proceedings until the Supreme Court has decided AAPC. Mot. at 11.

## II. OPINION

### A. Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Accordingly, "[a] trial court may . . . enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863 (9th Cir. 1979). The decision whether to stay an action is committed to the "sound discretion" of the district court and is based on weighing "the competing interests which will be affected by the granting or refusal to grant a stay . . . ." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

Among these competing interests are: (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required

3

to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating issues, proof, and questions of law which could be expected to result from a stay. Id. Finally, "the proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997).

### B.   Analysis

In this instance, ensuring that justice proceeds in an ordered manner is the controlling interest. The government-debt exception has been struck down as unconstitutional by both the Ninth and Fourth Circuits. See Duguid v. Facebook, Inc., 926 F.3d 1146 (9th Cir. 2019); see also Am. Assoc. of Political Consultants, Inc. v. F.C.C., 923 F.3d 159 (4th Cir. 2019). As a result, both courts severed the government-debt exception while leaving the remainder of the TCPA intact. Am. Assoc. of Political Consultants, Inc., 923 F.3d at 171; Duguid, 926 F.3d at 1156-57; see also 47 U.S.C. § 608. And now the Supreme Court has been asked to resolve the legal issue of whether severing is the proper remedy. See Questions Presented, Supreme Court Dkt. No. 19-631. While this Court recognizes that the government-debt exception is irrelevant here, it cannot ignore the fact that the question gives the Supreme Court the option to use a less exacting knife on the TCPA. If the Supreme Court chooses to do more than merely sever the TCPA's government-debt exception, its decision in AAPC may have legal implications for this case.

In addition, since the D.C. Circuit's decision in ACA Int'l. v. F.C.C., 885 F.3d 687, 695 (D.C. Cir. 2018), what

constitutes an ATDS has been in flux.  Some courts have concluded that an ATDS must be capable of either storing telephone numbers using a random or sequential number generator or produce such numbers using a random or sequential number generator.  See Gadelhak v. AT&T Servs., Inc., 950 F.3d 458, 460 (7th Cir. 2020); Glasser v. Hilton Grand Vacations Co., LLC., 948 F.3d 1301, 1306 (11th Cir. 2020); Dominguez ex rel. Himself v. Yahoo, Inc., 894 F.3d 116, 119 (3d Cir. 2018).  By contrast, the Ninth Circuit has decided that an ATDS must be either stored in any way or produced using a random or sequential number generator.  Marks v. Crunch San Diego, LLC., 904 F.3d 1041, 1049 (9th Cir. 2018).  And the Second Circuit has agreed.  See Duran v. La Boom Disco, Inc., 955 F.3d 279, 287 (2d Cir. 2020) ("[W]e hold that an ATDS may call numbers from stored lists, such as those generated, initially, by humans.").

The Supreme Court has not yet determined whether it will take up this definitional problem.  See Duguid, Supreme Court Dkt. No. 19-631.  However, given the significant split that has developed among the circuits, the Supreme Court may not remain silent for much longer and may grant *certiorari* in Duguid, or else, its decision in AAPC may obviate the need to do so. In any event, the definitional problem of what constitutes an ATDS is relevant here, as Plaintiff alleges Defendant used an ATDS to send him text messages, but Defendant contends it did not. Compl. ¶ 33; Opp'n at 4-5.  Accordingly, even if *certiorari* remains pending or is denied in Duguid, the Court finds it is prudent and more efficient to wait to see whether AAPC provides more clarity on this issue.

5

Waiting for the Supreme Court's decision in AAPC, and possibly also Duguid, will allow this Court to adjudicate the issues before it with far greater certainty.  To do otherwise would be a waste of judicial resources and a waste of the parties' time and energy.  For this reason, a stay awaiting clarity on the validity of the TCPA in general, and the definition of an ATDS more specifically, would allow for a more orderly disposition of this motion.

### III.   ORDER

For the reasons set forth above, the Court GRANTS Defendant's Motion to Stay pending resolution by the United States Supreme Court of Barr v. American Association of Political Consultants, Appeal No. 19-631. The parties are ordered to file a joint status statement within ten days after the Supreme Court's decision in Barr becomes final advising the Court as to how they wish to proceed in this case.

IT IS SO ORDERED.

Dated:   June 26, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE